[No. 15.   Third Appellate District.—June 6, 1905.]

CALIFORNIA AND NORTHERN RAILWAY, Respondent, v. STATE OF CALIFORNIA et al., Defendants; HUMBOLDT RAILROAD COMPANY, Defendant and Intervener, Appellant.

EMINENT DOMAIN—CONDEMNATION OF PROPERTY OF STATE—MATURITY OF ACTION.—The right to take the private property of the state in condemnation proceedings in the superior court has been granted by subdivision 2 of section 1240 of the Code of Civil Procedure; and a proceeding therefor begun one day before the taking effect of subdivision 7 of that section cannot be abated as premature.

ID.—APPEARANCE OF ATTORNEY-GENERAL—JURISDICTION OF COURT.— Where the attorney-general appeared in the case for the state, as it was his duty to do under the provisions of section 472 of the Political Code, the state was just as much in court as though regularly summoned under section 1245 of the Code of Civil Procedure, and the jurisdiction of the court was complete.

APPEAL from a judgment of the Superior Court of Humboldt County.   G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

C. M. Wheeler, for Appellant.

George D. Murray, for Respondent.

BUCKLES, J.—Suit was for condemnation of land belonging to the state, for use of railway.   All the defendants having been served with summons, and all having failed to answer except the state of California, default was taken against them.   The attorney-general appeared on the part of the state and demurred and answered.   Then the Humboldt Railroad Company intervened, filing a complaint in intervention, and also filing an answer to plaintiff's complaint.   The plaintiff demurred to the complaint in intervention and to the answer of intervener.   The court sustained both demurrers and dismissed the complaint in intervention, and rendered judgment for the plaintiff and against the state of California, on the written stipulation of plaintiff and the attorney-general on the part of the state of California.   Judgment was also rendered against intervener.

This appeal is from the whole of the judgment, and is prosecuted as two appeals, one as a defendant in said action and one as an intervener.   The points of law being the same in both, we shall consider them together.   In both complaint and answer of the Humboldt Railroad Company there is a plea in abatement, and the ground for this plea is that the plaintiff began the suit against the state to condemn state lands, prematurely, and before there was any law in existence granting it authority so to do.   The action was begun on March 14, 1901.   Appellant claims that at that date no law existed which would authorize the plaintiff to bring such suit, and that such right was conferred by amendment to

section 1240 of the Code of Civil Procedure, which took effect March 15, 1901. The amendment is as follows, to wit:—

"Subd. 7. Proceedings to condemn lands belonging to this state are hereby authorized, and must be maintained and conducted in the same manner as are other condemnation proceedings provided for in this title; except, that in such proceedings the summons and copy of the complaint must be served on the governor, attorney-general, and surveyor-general of the state." In support of appellant's contention he cites section 6 of article XX of the constitution, which reads as follows, to wit: "Suits may be brought against the state in such manner and in such courts as shall be directed by law."

The only question in this case, as appears from the briefs filed, is: Did the plaintiff have a right to bring its action prior to the amendment of section 1240 by adding subdivision 7?

The right to take the private property of the state in condemnation proceedings has been granted by subdivision 2 of section 1240 of the Code of Civil Procedure. The proceedings to condemn must be brought in the superior court, and we are of the opinion that this applies to the state whose property may be taken as well as to individuals. Section 1244 of the same code provides what the complaint in a condemnation proceeding shall state, and as to which no question is suggested in the briefs. Section 1245 provides for the summons and how it shall be served. The attorney-general appeared in the case for the state, and it was his duty to do so under the provisions of section 472 of the Political Code, and when he had so appeared, in a case where the state was a proper party as in this case, the state was just as much in court as though regularly summoned, and the jurisdiction of the court was complete.

The judgment appealed from is affirmed.

McLaughlin, J., and Chipman, P. J., concurred.