393 P.2d 585

**Kermit D. PETERSEN and Katherine M. Petersen, husband and wife, Plaintiffs-Appellants,**

v.

**The STATE of Idaho, a Political Sovereign, Defendant-Respondent.**

No. 9422.

Supreme Court of Idaho.

June 22, 1964.

Greene & Hunt, Sandpoint, Walter F. Pool, Spokane, Wash., for appellants.

Allan G. Shepard, Atty. Gen., and Michael Southcombe, Asst. Atty. Gen., Boise, for respondent.

McQUADE, Justice.

Plaintiffs-appellants, Mr. and Mrs. Kermit D. Petersen, filed a condemnation action in the district court, by which they sought to exercise eminent domain against the State of Idaho for a roadway to their property. The defendant-respondent, the State of Idaho, filed a motion to dismiss alleging lack of jurisdiction in the district court to entertain such a suit. Stated more specifically, the respondent alleged that it had not and would not consent to such an ac-

tion and that no authority existed which would permit such a suit against it.

The district court granted respondent's motion to dismiss. Appellants take their appeal to this court from the order of dismissal.

Appellants, residents of the State of Washington, purchased lake-front property bordering Priest Lake in Bonner County. The purpose of this purchase by appellants was for subdivision and sale of lake-front property and general development of the Priest Lake area.

At the time of purchase, and prior thereto, appellants' property was served by a road for ingress and egress. However, because of a policy adopted by the State of Idaho concerning Priest Lake, former roads were closed and appellants were denied access to their property other than by water.

In their complaint appellants allege that they " * * * have sought in good faith to purchase or settle with the State of Idaho for the right of way and damages herein, but have been unable to make any bargain therefor, and the State of Idaho has denied plaintiffs (appellants) an easement or right of way for ingress and egress thereto, * * *." The only question presented by this appeal is whether the trial court committed error in dismissing appellants' complaint on grounds that it lacked jurisdiction to entertain a condemnation action by a private individual against the State of Idaho.

The following propositions appear to be well recognized by both parties to this appeal: (1) The State of Idaho cannot be sued without its express consent, Hollister v. State, 9 Idaho 8, 71 P. 541 (1903); Thomas & Faris v. State, 16 Idaho 81, 100 P. 761 (1909); (2) This consent must be found in constitutional or statutory provisions, Pigg v. Brockman, 79 Idaho 233, 314 P.2d 609 (1957); (3) A statute authorizing suit against the state is in derogation of sovereignty and therefore must be strictly construed, Pigg v. Brockman, supra.

Disagreement arises, however, over appellants' contention that Idaho has given its consent to be sued in condemnation proceedings. In support of this position, appellants rely upon the following constitutional and statutory provisions:

IDAHO CONST. Art. 1, § 14.

"Right of eminent domain.—The necessary use of lands for the construction of reservoirs or storage basins, for the purpose of irrigation, or for rights of way for the construction of canals, ditches, flumes or pipes, to convey water to the place of use for any useful, beneficial or necessary purpose, or for drainage; or for the drainage of mines, or the working thereof, by means of roads, railroads, tramways, cuts, tun-

nels, shafts, hoisting works, dumps, or other necessary means to their complete development, *or any other use necessary to the complete development of the material resources of the state,* or the preservation of the health of its inhabitants, is hereby declared to be a public use, and subject to the regulation and control of the state.

"Private property may be taken for public use, but not until a just compensation, to be ascertained in the manner prescribed by law, shall be paid therefor." (Emphasis supplied)

I.C. § 7–701.

"Uses for which authorized.—Subject to the provisions of this chapter, the right of eminent domain may be exercised in behalf of the following public uses:

\* \* \* \* \* \*

"5. Byroads leading from highways to residences and farms."

I.C. § 7–702.

"Estates subject to taking.—The following is a classification of the estates and rights in lands subject to be taken for public use:

"1. A fee simple, when taken for public buildings or grounds, or for permanent buildings, for reservoirs and dams and permanent flooding occasioned thereby, or for an outlet for a flow, or a place for the deposit of debris or tailings of a mine.

"2. An easement, when taken for any other use."

I.C. § 7–703.

"Private property subject to taking.— The private property which may be taken under this chapter includes:

\* \* \* \* \* \*

"2. Lands belonging to the government of the United States, to this state, or to any county, incorporated city, or city and county, village or town, not appropriated to some public use."

Respondent argues that neither the foregoing statutes nor cited constitutional provision expressly authorizes the exercising of eminent domain against the State. Noting the rules of strict statutory construction in this area, respondent concludes that the State has not given its consent to be sued in condemnation proceedings.

The strongest authority supporting respondent's position is the case of Hollister v. State, supra. In that case, the plaintiff sought to condemn certain state-owned property. Judgment in the trial court was for the plaintiff and the State appealed, claiming that it had never given its consent to be sued. On appeal, plaintiff attempted to

sustain his argument by citing the Idaho Constitution, I.C. § 7–703 and another statutory provision immaterial herein. Judgment was for plaintiff on the basis of the aforementioned immaterial statutory provision. But, as respondent points out, in rendering its opinion this court did state that neither the Idaho Constitution nor I.C. § 7–703 was sufficient to authorize a condemnation action against the State.

 It is readily apparent, however, that respondent's position in this matter is considerably weakened by the fact that anything said by the court in the Hollister case must be regarded as pure dicta insofar as the Idaho Constitution and I.C. § 7–703 are concerned. Neither provision appeared to have played a role in the ultimate decision of the court.

 Moreover, the negative statements made in the Hollister case concerning the State's consent to be sued seem peculiar in light of the clarity of I.C. § 7–703. While we approve of strict statutory construction in this area, there is no need to construe a statute when the language employed is clear and unambiguous. Blue Note, Inc. v. Hopper, 85 Idaho 152, 377 P.2d 373 (1962). As noted above, the statute states that: "The private property which may be taken under this chapter (Eminent Domain) includes: * * * Lands belonging to * * * this state, * * *." It is difficult to imagine how the State could more clearly grant its consent to suit.

Finally, both California and Montana have construed statutes identical to I.C. § 7–703 as legislative authority and consent to condemn lands held by the State. California & N. Ry. v. State, 1 Cal.App. 142, 81 P. 971 (1905); State ex rel. Galen v. District Court, 42 Mont. 105, 112 P. 706 (1910). The reasoning of the Supreme Court of Montana is particularly cogent in light of the problems we have faced herein. As was stated on pp. 706–707 of the Pacific Reports:

"Plaintiffs in the condemnation proceedings claim the right to take the lands in question by virtue of the provisions of section 7333, Rev.Codes, subdivision 2 of which reads as follows: 'The private property which may be taken under this title (title 7, Eminent Domain), includes * * * (2) lands belonging to this state, or to any other county, city or town, not appropriated to some public use.' It is contended by the Attorney General that this section of the Codes does not give consent for the state to be sued, and does not authorize a suit to condemn lands owned by the state. The Supreme Court of Idaho in Hollister v. State, 9 Idaho, 8, 71 Pac. 541, speaking of a similar statute, said: 'This statute alone would not authorize this action.' It then decided

that authority is granted by another statute of Idaho, so that it will be seen that the remark above quoted was an unnecessary one. Although the opinion is not very clear upon the point, the California Court of Appeals, in California & N. Ry. Co. v. State, 1 Cal.App. 142, 81 Pac. 971, appears to have held that a statute similar to ours authorizes a suit against the state. We are of opinion that the Supreme Court of Idaho was wrong in saying that such a statute does not authorize the action. The language appears to us to be clear, and, if it means anything at all, it means that lands belonging to the state may be taken by the exercise of the power of eminent domain, and that the state may properly be made a party to the action. In other words, the state has expressly consented to be sued under such circumstances."

We hold that by virtue of I.C. § 7–703 the State of Idaho has given its consent to be sued in condemnation proceedings and the district court has jurisdiction to entertain such a suit. The order granting respondent's motion to dismiss is reversed and the cause is remanded for further proceedings.

No cost allowed.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.