133 P.3d 1251

**STATE of Idaho,**

v.

**Daniel A. RODRIGUEZ, Defendant–Appellant.**

No. 31919.

Court of Appeals of Idaho.

April 7, 2006.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

PER CURIAM.

Daniel A. Rodriguez pled guilty to delivery of a controlled substance, I.C. § 37–2732(a)(1)(A), and trafficking in heroin, I.C. § 37–2732(a)(6)(A). The parties entered into a binding I.C.R. 11 plea agreement. Pursuant to the agreement, in exchange for Rodriguez's guilty pleas, the state dismissed four additional counts. Further, in the agreement

Rodriguez waived his right to appeal the sentence. The district court sentenced Rodriguez to the stipulated sentence in the agreement of a unified term of five years, with a minimum period of confinement of two years, for delivery of a controlled substance and a consecutive unified term of eight years, with a minimum period of confinement of three years, for trafficking in heroin. Rodriguez filed a pro se I.C.R 35 motion, which the district court denied. Rodriguez appeals.

 We hold that Rodriguez's appellate challenge to the denial of his Rule 35 motion has been waived by his plea agreement. *See State v. Allen,* 143 Idaho 267, 141 P.3d 1136, 2006 WL 851251 (Ct.App. Apr. 4, 2006, review filed April 26, 2006, Docket Nos. 31096, 31097 & 31098). Rodriguez's plea agreement contained a clause by which Rodriguez waived his right to appeal his sentence. Arguably, that waiver did not preclude Rodriguez from filing a Rule 35 motion for reduction of his sentence in the trial court. However, because Rodriguez filed no *new evidence* in support of that Rule 35 motion, an appeal from the order denying the motion would amount to nothing more than a challenge to the reasonableness of the sentence as originally imposed.[1] To allow an appellate challenge to the denial of the Rule 35 in these circumstances would allow Rodriguez and similarly-situated defendants to evade the appeal waiver in their plea agreements merely by filing an unsupported Rule 35 motion and appealing the subsequent denial order. Accordingly, we dismiss Rodriguez's appeal.

---

1. Rodriguez acknowledges that he did not attach new additional evidence to support his Rule 35 motion. His statements in the motion that he was going to change his life around, would not use drugs anymore, and did not want to go back to jail do not equate to new evidence sufficient to review his sentence.