**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41114**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2014 Opinion No. 68** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: August 22, 2014** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| ANDREW TROY TAYLOR, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Appeal from order denying Idaho Criminal Rule 35 motion, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Andrew Troy Taylor appeals from the denial of his Idaho Criminal Rule 35 motion for reduction of sentence. We dismiss this appeal for the reason that Taylor waived the right to file this appeal as part of his plea agreement.

**I.**

**BACKGROUND**

In 2011, pursuant to a plea agreement, Taylor pleaded guilty to possession of methamphetamine, Idaho Code § 37-2732(c)(1). The agreement provided that Taylor waived his right to file a Rule 35 motion for reduction of sentence and his right to appeal.

The district imposed an underlying sentence of seven years, with two years determinate, and retained jurisdiction. Following the period of retained jurisdiction, the district court placed Taylor on probation. Thereafter, Taylor was found in violation of probation. The district court

1

again retained jurisdiction. Following the second period of retained jurisdiction, the district court relinquished jurisdiction.

Thereafter, Taylor filed a Rule 35 motion for reduction of his sentence. The State did not respond in any way to Taylor's motion. The district court denied the motion on the merits without a hearing. Taylor appeals.

## II.

## ANALYSIS

Taylor contends that the district court erred in denying his Rule 35 motion for reduction of sentence. We do not reach the issue, however, because we conclude that Taylor waived the right to pursue this appeal.

Taylor's plea agreement stated that he waived his right to file a Rule 35 motion for reduction of sentence and his right to appeal any issues in the case. Recognizing that the State was likely to raise the applicability of both waivers as issues in this appeal, Taylor has advanced in his initial brief on appeal a number of anticipatory arguments for the proposition that the waivers are inapplicable or cannot be raised by the State in this appeal. Taylor first argues that the State cannot assert on appeal that the district court's denial of the Rule 35 motion should be affirmed based on his waiver of the right to file a Rule 35 motion. Taylor asserts that any attempt by the State to do so at this late date should be rejected as violative of the prohibition on raising issues for the first time on appeal because the State did not raise that objection (or any objection) to his motion before the district court. The State did not take issue with Taylor on this point and does not assert the Rule 35 waiver.

The State does, however, contend that the plea agreement's waiver of Taylor's right to appeal requires that this appeal be dismissed. Taylor contends that the State may not request dismissal of his appeal based on that waiver because the State did not file a motion to dismiss before the appellate record was filed and before Taylor filed his appellant's brief. For this contention he relies upon *Oneida v. Oneida*, 95 Idaho 105, 503 P.2d 305 (1972). The State responds that Taylor's reliance on certain language in *Oneida* is misplaced because it is dicta and because it has been impliedly overruled by subsequent Idaho Supreme Court decisions addressing waivers of rights to appeal where the issue was presented in the appellate briefing process.

2

*Oneida* involved a dispute amongst the shareholders of a closely-held corporation. The parties filed a stipulation identifying a discrete list of issues requiring resolution by the district court, including whether it was economically feasible to divide the assets of the corporation and partition its real property while leaving two viable commercial sheep-raising operations. At an initial hearing on this issue alone, the district court expressed concern that, should it resolve that issue first, the order would be an appealable order that would then "drag out" the case if either party appealed. The parties then orally stipulated that the order would not be appealable. After the court entered an order concluding that it was not economically feasible to divide the assets, the plaintiffs, despite their stipulation, appealed from the order. *Id.* at 105-06, 503 P.2d at 305-06. The defendants argued in their appellate brief that the appeal should be dismissed because, through their oral stipulation, the plaintiffs had waived the right to appeal the order. The Idaho Supreme Court addressed that argument as follows:

> As the appellants correctly point out, however, an objection based upon such a stipulation should be raised by a motion to dismiss the appeal. *Southern Indiana Power Co. v. Cook*, 182 Ind. 505, 107 N.E. 12 (1914); *Speeth v. Fields*, 71 N.E.2d 149 (Ohio App. 1946) (per curiam); 4 Am. Jur. 2d, Appeal and Error § 240 (1962); *see Phelps v. Blome*, 150 Neb. 547, 35 N.W.2d 93 (1948); cf. 4 Am. Jur. 2d, Appeal and Error § 241 (1962). Raising such an objection at the earliest stage of appellate proceedings may spare the appellant further useless expenditures (for, e.g., an appeal bond, transcripts, and additional attorneys' fees). Having failed to move to dismiss the appeal, the respondents are in no position to rely, in their appellate brief, upon the alleged waiver of the right to appeal.

*Oneida* at 106-07, 503 P.2d at 306-07 (footnote omitted). Despite this statement, however, the Supreme Court ultimately resolved the case in favor of the respondents and dismissed the appeal on another basis--a determination that the order was not an appealable order. *Id.* at 107-08, 503 P.2d at 307-08.

We conclude that the comments in *Oneida* suggesting that arguments for dismissal of an appeal based upon a waiver must be raised "at the earliest stage of appellate proceedings" are dicta and therefore do not control our decision here. The Idaho Supreme Court has said that when a "statement is not necessary to decide the issue presented to the appellate court, it is considered to be dictum and not controlling." *State v. Hawkins*, 155 Idaho 69, 74, 305 P.3d 513, 518 (2013). *See also Petersen v. State*, 87 Idaho 361, 365, 393 P.2d 585, 587 (1964) (concluding that statements in the court's opinion that did not appear "to have played a role in the ultimate decision of the court" are dicta). The quoted discussion in *Oneida*, to the effect that the *only* way

to procedurally raise before an appellate court the opposing party's waiver of the right to appeal is by motion, was not necessary to the decision in that case, which was ultimately resolved in favor of the respondent on a wholly independent ground. Thus, the quoted comments are dicta and not controlling precedent.

Moreover, no Idaho appellate court has cited the referenced comments from *Oneida* in the forty-plus years since its issuance, nor has Taylor identified any other Idaho case following its reasoning. And, as the State argues, many Idaho cases after *Oneida* have considered, after appellate briefing, whether a criminal defendant waived his right to appeal as part of a plea agreement, with no discussion that the State is required to raise the issue by motion. *See State v. Hansen*, 156 Idaho 169, 175, 321 P.3d 719, 725 (2014); *State v. Straub*, 153 Idaho 882, 885-86, 292 P.3d 273, 276-77 (2013); *State v. Cope*, 142 Idaho 492, 496-97, 129 P.3d 1241, 1245-46 (2006); *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994); *State v. Allen*, 143 Idaho 267, 269-70, 141 P.3d 1136, 1138-39 (Ct. App. 2006); *State v. Rodriguez*, 142 Idaho 786, 787, 133 P.3d 1251, 1252 (Ct. App. 2006); *State v. Holdaway*, 130 Idaho 482, 484, 943 P.2d 72, 74 (Ct. App. 1997). Further, as some of these cases (and indeed the present case) illustrate, the party against whom waiver is asserted may contest the validity or scope of the waiver, and sometimes the waiver does not encompass all of the issues raised by the appellant. In such circumstances, resolution of the waiver issue by an early motion, rather than through the normal appellate process, may be inappropriate because a record of the proceedings below is needed for determination of the scope and validity of the waiver. For these reasons, we hold that the State is not precluded from asserting for the first time in its respondent's brief that Taylor waived his right to appeal.

We proceed, then, to the next issue, the scope of the waiver in Taylor's plea agreement. A defendant's waiver of the right to appeal as a term of a plea bargain is generally valid and enforceable. I.C.R. 11(f)(1); *Murphy*, 125 Idaho at 457, 872 P.2d at 720. Because plea agreements are contractual in nature, they generally are examined by courts in accordance with contract law standards. *State v. Jafek*, 141 Idaho 71, 73, 106 P.3d 397, 399 (2005); *State v. Doe*, 138 Idaho 409, 410-11, 64 P.3d 335, 336-37 (Ct. App. 2003); *State v. Fuhriman*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct. App. 2002). As with other types of contracts, the interpretation of unambiguous terms and the legal effect of the plea agreement are questions of law to be decided by the court. *Doe*, 138 Idaho at 410-11, 64 P.3d at 336-37.

4

The waiver at issue here states:

> By accepting this offer the defendant waives his right to: (1) file a Rule 35 Motion (except as to an illegal sentence) and (2) appeal _any_ issues in this case, including all matters involving the plea or the sentencing and any rulings made by the court, including all suppression issues.

The State contends that this term precludes Taylor's appeal from the denial of his Rule 35 motion, while Taylor contends that it did not apply to the appeal of a post-judgment order.

Taylor relies on the Idaho Supreme Court's decision in _Straub_, 153 Idaho at 885, 292 P.3d at 276, where the defendant appealed from an order of restitution. The Supreme Court considered the following provision in Straub's plea agreement:

> By accepting this offer the Defendant waives his right to appeal any issues regarding the conviction, including all matters involving the plea or sentencing and any rulings made by the court, including all suppression issues.

The Court concluded that the defendant's appeal from a restitution order was not waived by this provision. The Court reasoned that an issue concerning restitution did not involve sentencing because "restitution is separate and apart from a criminal sentence" and is "in essence, a civil judgment" against the defendant. _Id._ at 886, 292 P.3d at 277. The Court also held that the waiver's coverage of "any rulings made by the court," did not preclude Straub's appeal from the restitution order. The Court said that although "any rulings" was broad enough to include a restitution order, the word "made" was in the past tense and therefore referred only to rulings made prior to the plea agreement. _Id._ Consequently, the Court concluded, because the restitution order occurred after the plea agreement, the waiver provision did not preclude an appeal from that order. _Id._

From _Straub_, Taylor deduces that his waiver of the right to appeal "any rulings made" does not apply here because the order denying his Rule 35 motion also occurred after his plea agreement. That may be true, but his argument overlooks another term of his plea agreement that waived his right to "appeal _any_ issues in this case, including all matters involving . . . the sentencing." There is no past tense in that provision, and a Rule 35 motion seeking a reduction of sentence certainly involves "the sentencing" under any reasonable interpretation of the phrase. On this point, _Straub_ must be distinguished, as the restitution order in _Straub_ did not involve sentencing while the Rule 35 order here does. Taylor's further argument, that his waiver should not be interpreted to cover an appeal from an order denying Rule 35 relief because it does not

5

expressly reference appeals from such orders, is also without merit. The language used is broad enough to preclude appeals from orders denying Rule 35 relief. We also note that the parties had no reason to include a more explicit term regarding appeals of Rule 35 orders because the agreement expressly waived Taylor's right to file a Rule 35 motion in the first place.

Taylor does not argue that a waiver of a right to appeal is unconstitutional or otherwise impermissible if applied to future acts of the trial court, and indeed sentencing itself is a future act as it occurs after a plea agreement has been made.

We therefore hold that Taylor's plea agreement, which waives the right to appeal any issues "involving sentencing," unambiguously includes waiver of the right to present this appeal from the denial of his Rule 35 motion for reduction of sentence. Accordingly, this appeal is dismissed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**