# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43325

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 368** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  February 3, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LESTER EUGENE PALMER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Christopher S. Nye, District Judge.

Appeal from judgment of conviction and concurrent unified sentences of thirty years, with minimum periods of confinement of fifteen years, for two counts of lewd conduct with a minor child under sixteen, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Lester Eugene Palmer pled guilty to two counts of lewd conduct with a minor under sixteen, Idaho Code § 18-1508.  The parties entered into a binding Idaho Criminal Rule 11 plea agreement.  Pursuant to the agreement and in exchange for Palmer's guilty plea, the State dismissed additional charges.  Palmer waived his right to appeal his sentences.

The district court sentenced Palmer to concurrent unified sentences of thirty years with fifteen years determinate.  Palmer appeals, contending that the district court abused its discretion by imposing excessive sentences.

1

We hold that Palmer's appellate challenge to the excessiveness of his sentences has been waived by his plea agreement. *See* I.C.R. 11(f)(1); *State v. Cope*, 142 Idaho 492, 495-99, 129 P.3d 1241, 1245-49 (2006); *State v. Rodriguez*, 142 Idaho 786, 787, 133 P.3d 1251, 1252 (Ct. App. 2006). Palmer's plea agreement contained a clause by which Palmer waived his right to appeal his sentences. Accordingly, we dismiss Palmer's appeal.