**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43236, 43237, & 43238**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2016 Unpublished Opinion No. 490** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: April 15, 2016** |
| | ) |
| **v.** | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **WAIN ALLEN POINDEXTER,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Orders revoking probation and executing previously suspended sentences, affirmed; appeal from judgment of conviction and unified sentence of fourteen years, with a minimum period of confinement of seven years, for grand theft, dismissed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

In Docket No. 43237, Wain Allen Poindexter pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). The district court sentenced Poindexter to a unified term of five years, with a minimum period of confinement, but suspended the sentence and placed Poindexter on probation.

In Docket No. 43238, Poindexter pled guilty grand theft. I.C. §§ 18-2403(1), 18-2407(1)(b). The district court sentenced Poindexter to a unified term of ten years, with a

minimum period of confinement of two years, to run consecutive to his sentence in Docket No. 43237. The district court also revoked Poindexter's probation in Docket No. 43237 and ordered execution of his original sentence. However, the district court retained jurisdiction in both cases and sent Poindexter to participate in the rider program. Following successful completion of his rider, the district court suspended the sentences and placed Poindexter on probation.

Thereafter, Poindexter admitted to violating the terms of his probation. The district court revoked Poindexter's probation in both cases, ordered execution of his original sentences, but retained jurisdiction and sent Poindexter to participate in the rider program. Following successful completion of his second rider, the district court suspended the sentences and again placed Poindexter on probation.

In Docket No. 43236, Poindexter entered an *Alford*[1] plea to one count of grand theft. In exchange for his guilty plea, additional charges were dismissed including an allegation that he was a persistent violator. The district court sentenced Poindexter to a unified term of fourteen years, with a minimum period of confinement of seven years, to run concurrent with Poindexter's other two unrelated sentences. Based upon this conviction and Poindexter's admissions to other violations, the district court revoked probation and ordered execution of his original sentences. Poindexter appeals, contending that the district court abused its discretion in revoking probation in Docket Nos. 43237 and 43238 and arguing that his sentence is Docket No. 43236 is excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*. Poindexter has failed that the district court abused its discretion in revoking probation.

Poindexter also argues that his sentence in Docket No. 43236 is excessive. In that case, the parties entered into a binding I.C.R. 11 plea agreement. The plea agreement contained a clause by which Poindexter waived his right to appeal his sentence. We hold that Poindexter's appellate challenge to the excessiveness of his sentence has been waived by his plea agreement. *See* I.C.R. 11(f)(1); *State v. Rodriguez*, 142 Idaho 786, 787, 133 P.3d 1251, 1252 (Ct. App. 2006).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Poindexter's sentences without modification. Therefore, the orders revoking probation and directing execution of Poindexter's previously suspended sentences in Docket Nos. 43237 and 43238 are affirmed. Poindexter's appeal from his judgment of conviction and sentence in Docket No. 43236 is dismissed.