# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45906

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 30, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOSHUA LEE BJORNN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Cheri C. Copsey and Benjamin J. Cluff, District Judges.

Appeal from judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two year, for possession of a controlled substance, <u>dismissed</u>; appeal from order denying I.C.R. 35 motion for reduction of sentence, <u>dismissed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Joshua Lee Bjornn pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). The parties entered into a binding I.C.R. 11 plea agreement in which Bjornn agreed to waive the right to appeal any issues in his case, including all matters involving the plea and sentence unless the district court exceeded the State's recommendation. The State recommended a seven-year sentence, with three years determinate, and asked the district court to either impose the sentence or retain jurisdiction. The district court sentenced Bjornn to a unified term of seven

1

years, with a minimum period of confinement of two years. Bjornn filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Bjornn appeals, noting he is mindful of his appeal waiver, but nonetheless asserting the district court abused its sentencing discretion and erred in denying his Rule 35 motion.

We hold that Bjornn's appellate challenge to the excessiveness of his sentence and Rule 35 motion for reduction of his sentence have been waived by his plea agreement. *See* I.C.R. 11(f)(1); *State v. Rodriguez*, 142 Idaho 786, 787, 133 P.3d 1251, 1252 (Ct. App. 2006). Bjornn's plea agreement contained a clause by which Bjornn waived his right to appeal his sentence if the district court did not exceed the State's sentencing recommendation. Bjornn does not challenge the validity of this waiver, but instead notes he is mindful of it. Because Bjornn does not challenge his appeal waiver and the district court did not exceed the State's sentencing recommendation, we dismiss Bjornn's appeal.