**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 46042/46043**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 25, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BRADLEY REGAN HEATER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Appeal from judgment of conviction and unified ten-year sentence, with seven years determinate, for felony arson, and unified fourteen-year sentence, with nine years determinate, for grand theft by receiving/possessing stolen property, dismissed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

In two separate cases, Bradley Regan Heater pleaded guilty to felony arson in the third degree, Idaho Code §§ 18-804, 18-801, and grand theft by receiving/possessing stolen property, I.C. §§ 18-2403(4)(a), 18-2407(1)(b). The parties entered into a binding Idaho Criminal Rule 11 plea agreement which included several cases. Pursuant to the agreement and in exchange for Heater's guilty pleas, the State dismissed additional charges and agreed not to file new charges related to other investigations. As part of the plea agreement, sentencing recommendations were left open, Heater agreed to pay restitution in the amount requested for all charged and uncharged cases included in the plea agreement, and Heater waived his right to appeal.

1

The district court imposed a unified ten-year sentence, with seven years determinate, for the felony arson and a unified fourteen-year sentence, with nine years determinate, for grand theft by receiving/possessing stolen property. The sentences were ordered to run consecutively. Heater appeals, contending the district court abused its discretion when it permitted a victim impact statement over Heater's objection and by imposing an excessive sentence.

In a footnote, Heater asserts that because the term of the plea agreement to waive his right to appeal was not discussed at the entry of plea hearing, Heater may not have been aware of the term and may not have knowingly and voluntarily waived his right to appeal. However, the written plea agreement which Heater signed states:

> I, BRADLEY REGAN HEATER, the Defendant in the above referenced matter, have been informed by my attorney and in open court on this date of my constitutional rights in the above entitled case, and I have read and fully understand the following:

The following portion of the plea agreement includes to "waive my right to appeal this case and subsequent sentence." At the change of plea hearing, Heater confirmed that he had read, understood, and agreed to the plea agreement. After imposing sentence, the district court stated to Heater, "You did waive your right to appeal, and you waived your right to file a motion for reduction of sentence as part of the plea agreement."

We hold that Heater's appellate challenges have been waived by his acceptance of the terms of the plea agreement, discussed during his unchallenged constitutionally valid guilty plea. *See* I.C.R. 11(f)(1); *State v. Cope*, 142 Idaho 492, 495-99, 129 P.3d 1241, 1245-49 (2006); *State v. Rodriguez*, 142 Idaho 786, 787, 133 P.3d 1251, 1252 (Ct. App. 2006). Accordingly, we dismiss Heater's appeal.