**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49794**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 8, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| PATRICK D. BATTENFELDER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Order for restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Patrick D. Battenfelder appeals from an order for restitution. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Battenfelder entered into a plea agreement with the State and pled guilty to felony malicious injury to property for damaging a vehicle. According to his plea agreement, Battenfelder "agree[d] to pay restitution for all charged, uncharged, and dismissed conduct in this case or in any case dismissed by the terms of this offer in an amount to be determined or in the amount of $ TBD." The State initially sought $1,000 in restitution to the victim and $7,831.80 to the victim's insurer. Battenfelder objected and the district court set an evidentiary hearing to determine restitution.

1

At the hearing, the State presented testimony from the victim and a claims manager from the victim's insurer. According to the claims manager, the estimated cost to repair the vehicle was $10,411.18. The claims manager explained that the insurance company decided to declare the vehicle a total loss rather than pay to repair the vehicle because, at the time of making the decision, the vehicle's estimated salvage value made totaling the vehicle the better option. Ultimately, the salvage value was less than estimated, leaving the insurance company with a net cost of $13,182.38 for totaling the vehicle. During his argument, Battenfelder noted that he was represented by the public defender's office, which showed that the district court had "previously found him indigent." The district court ordered restitution in the amount of $1,500 to the victim and $13,182.38 to the victim's insurer, for a total of $14,682.38. Battenfelder appeals.

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision whether to order restitution, and in what amount, is within the discretion of a trial court. *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Battenfelder asserts the district court "did not exercise reason" in awarding restitution because, according to Battenfelder, the district court failed to give "sufficient weight to [certain information] that rendered the full amount 'inappropriate or undesirable.'" (Quoting I.C. § 19-5304(2)). The State responds that "the district court acted well within its discretion." We hold that Battenfelder waived the arguments he asserts on appeal and that, even if considered, he has failed to show error.

As part of Battenfelder's plea agreement, he agreed to pay restitution "in an amount to be determined or in the amount of $ TBD." On appeal, Battenfelder does not challenge the district court's determination that the victim and the victim's insurer actually incurred a total of $14,682.38 in costs. Instead, Battenfelder's argument on appeal concerns the propriety of the district court awarding this amount. Whether Battenfelder waived this argument depends on the scope of his plea agreement. Because plea agreements are contractual in nature, they are generally examined in accordance with contract law standards. *State v. Taylor*, 157 Idaho 369, 372, 336 P.3d 302, 305 (Ct. App. 2014). As with other types of contracts, the interpretation of unambiguous terms and the legal effect of the plea agreement are questions of law to be decided by the appellate court. *Id.*

A plea agreement can waive a challenge to the propriety of awarding restitution. *See State v. Foeller*, 168 Idaho 884, 888, 489 P.3d 795, 799 (2021). In *Foeller*, the plea agreement provided that the defendant would "pay restitution/reimbursement: If applicable per statute: for all charges, even those dismissed." *Id.* (brackets omitted). The Idaho Supreme Court held that, by including the words "per statute," the plea agreement incorporated "the statutory factors for assessing restitution." *Id.* Consequently, the defendant did not waive consideration of the factors listed in I.C. § 19-5304(2), which allows restitution for a victim of a crime. *Foeller*, 168 Idaho at 888, 489 P.3d at 799. Here, by contrast, the restitution clause in Battenfelder's plea agreement does not refer to a statute or otherwise require restitution to be awarded in compliance with a restitution statute. We hold that the restitution clause of Battenfelder's plea agreement is unambiguous and that, based on the plain language, the only unresolved aspect of restitution was the amount--a determination that Battenfelder does not challenge on appeal. In short, Battenfelder cannot agree to pay whatever the district court determines is the amount of restitution and then assert it was improper to order him to pay that amount. Consequently, Battenfelder waived consideration of whether the district court erred in determining that it was proper to award $14,682.38 in restitution to the victim and the victim's insurer.

Even if the merits of Battenfelder's argument are considered, he has failed to show error. Battenfelder asserts the district court "should have given greater weight" to his counsel's comment that Battenfelder was represented by the public defender's office and "should have given more weight" to the insurance company's "decision to total rather than repair" the vehicle "and its

resulting higher net loss." Idaho Code Section 19-5304(2) provides that the trial court "shall order a defendant found guilty of any crime which results in economic loss to the victim to make restitution to the victim" unless the trial court determines a restitution order would be "inappropriate or undesirable." The policy favoring full compensation to crime victims who suffer economic loss and the factors in I.C. § 19-5304(7) guide a trial court's decision to order restitution. *Torrez*, 156 Idaho at 119, 320 P.3d at 1278; *Bybee*, 115 Idaho at 543, 768 P.2d at 806. These factors include the amount of the victim's economic loss; the defendant's financial resources, needs, and earning ability; and such other factors as the trial court deems appropriate. I.C. § 19-5304(7). In considering these factors, a trial court is "free to weigh the evidence." *State v. Garcia*, 170 Idaho 708, 714, 516 P.3d 578, 584 (2022). Battenfelder's arguments merely invite this Court to reweigh the information presented to the district court, which we will not do on appeal. Consequently, Battenfelder has failed to show that the district court erred in awarding restitution of $1,500 to the victim and $13,182.38 to the victim's insurer.

**IV.**

**CONCLUSION**

Battenfelder waived the argument he asserts on appeal and, in any event, he has failed to show the district court erred in awarding restitution. Accordingly, the order for restitution is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

4