## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50949

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

BRANDON SCOTT WEHMEYER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: May 22, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Appeal from judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for felony eluding a peace officer and order denying I.C.R. 35 motion for reduction of sentence, <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Brandon Scott Wehmeyer pled guilty to felony eluding a peace officer. I.C. § 49-1404(2). In exchange for his guilty plea, additional charges were dismissed. The parties entered into a binding I.C.R. 11 plea agreement in which Wehmeyer agreed to waive the right to appeal his sentence. The district court sentenced Wehmeyer to a unified term of five years, with a minimum period of confinement of three years. Wehmeyer filed an I.C.R. 35 motion, which the district court denied. Although Wehmeyer acknowledged his signature on the plea agreement during the

1

sentencing hearing, Wehmeyer appeals and argues that his sentence is excessive and that the district court erred in denying his Rule 35 motion for reduction of sentence.[1]

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

We hold that Wehmeyer's appellate challenge to the excessiveness of his sentence has been waived by his plea agreement. *See* I.C.R. 11(f)(1); *State v. Rodriguez*, 142 Idaho 786, 787, 133 P.3d 1251, 1252 (Ct. App. 2006). Moreover, because Wehmeyer's Rule 35 motion was not supported by new or additional information, it is encompassed within the waiver of his right to appeal his sentence. Accordingly, we dismiss Wehmeyer's appeal.

---

[1] Wehmeyer also pled guilty to and was sentenced for two additional misdemeanor charges. However, he does not challenge these judgments of conviction or sentences on appeal.