**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50810 & 50811**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 25, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JACOB ARTHUR BRAUNSCHWEIG, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Appeals from orders denying I.C.R. 35 motions for reduction of sentences, dismissed.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

In these consolidated cases and pursuant to an I.C.R. 11 plea agreement, Jacob Arthur Braunschweig pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1), and possession of a financial transaction card, I.C. § 18-3125. In exchange for his guilty pleas, additional charges were dismissed including an allegation that he is a persistent violator.[1] In accordance with the terms of the plea agreement, the district court sentenced Braunschweig to a

_____

[1]   Braunschweig also pled guilty to and was sentenced for misdemeanor possession of drug paraphernalia. However, this judgment of conviction and challenge are not at issue on appeal.

1

unified term of seven years, with a minimum period of confinement of four years, for possession of a controlled substance and a concurrent, unified term of five years, with a minimum period of confinement of three years. Per the stipulation of the parties in the plea agreement, the district court retained jurisdiction and sent Braunschweig to participate in the rider program. Following completion of the rider, the district court suspended Braunschweig's sentence and placed him on probation.

Thereafter, Braunschweig violated the terms of his probation, and the district court revoked probation and ordered execution of his original sentences. Despite specifically waiving his right to file an I.C.R. 35 motion in the plea agreement, Braunschweig filed I.C.R. 35 motions, which the district court denied. Braunschweig appeals, arguing that the district court erred in denying his I.C.R. 35 motions.

To the extent Braunschweig argues that the district court should have placed him back on probation, Braunschweig has failed to show error in the district court's discretionary decision not to do so.

Concerning Braunschweig's argument in which his relief seeks a reduction of his sentences, we hold that his appellate challenge to the excessiveness of his sentence has been waived by his plea agreement. *See* I.C.R. 11(f)(1); *State v. Rodriguez*, 142 Idaho 786, 787, 133 P.3d 1251, 1252 (Ct. App. 2006). Therefore, appeals from the district court's orders denying Braunschweig's I.C.R. 35 motions are dismissed.