**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52665**

| | |
|---|---|
| **STATE OF IDAHO,** | ) |
| | ) **Filed: October 24, 2025** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| **v.** | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **WESLEY OMAR CARTER,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Blaine Cannon, District Judge.

Judgment of conviction and unified term of thirty years with six years determinate for rape, <u>affirmed</u>; case remanded for corrections to and distribution of presentence investigation report.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Wesley Omar Carter entered an *Alford*[1] plea to rape. Idaho Code § 18-6101. At the sentencing hearing, Carter informed the district court of two errors in the presentence investigation report (PSI). The State did not object and the district court agreed to make the corrections;

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

however, there is no notation or addendum reflecting the changes in the record. The district court sentenced Carter to a unified term of thirty years with six years determinate. Carter appeals, contending that the district court abused its discretion in failing to redline the errors in the PSI and by imposing an excessive sentence.

Carter requests that this Court remand this case to the district court to ensure that the corrections to the PSI are reflected in the PSI and that a corrected copy of the PSI is distributed to the Idaho Department of Correction (IDOC). The State agrees to a limited remand to the district court. Consequently, we remand this case to the district court for the limited purpose of ensuring that the corrections to the PSI are redlined, a copy of the redlined PSI is made part of the district court's record, and the redlined PSI report is transmitted to IDOC in accordance with Idaho Criminal Rule 32. *See State v. Greer*, 171 Idaho 555, 563, 524 P.3d 386, 394 (2023).

The State argues that Carter waived his right to appeal his sentence. A defendant's waiver of the right to appeal as a term of a plea bargain is generally valid and enforceable. *State v. Taylor*, 157 Idaho 369, 372, 336 P.3d 302, 305 (Ct. App. 2014). The appellate court will uphold a waiver of a defendant's appellate rights if the record shows the waiver was made knowingly, intelligently, and voluntarily. *State v. Haws*, 167 Idaho 471, 477, 472 P.3d 576, 582 (2020). The plea agreement stated that Carter was waiving his right to "appeal any issues in the above-referenced case number, including all matters involving the plea, the judgment, and/or the sentence." Another term within the agreement repeated the same waiver: "The Defendant waives his right to appeal for any issue or basis, including but not limited to, appealing the judgment of conviction and/or sentence pronounced by the Court." The agreement was signed by Carter, as well as his counsel and counsel for the State. Carter acknowledges the waiver and argues that it does not apply to the corrections to the PSI claim but makes no mention of the waiver in arguing that his sentence is excessive. The record reflects that the waiver was knowingly, intelligently, and voluntarily entered. Therefore, Carter has waived his right to appeal his sentence.

The parties agree that a remand for the limited purpose of ensuring the corrections are reflected in the PSI and distributed to IDOC is appropriate. Carter's judgment of conviction and sentence are affirmed. Case remanded for corrections to and distribution of the PSI.