# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 38532

STATE OF IDAHO,

    Plaintiff-Appellant,

v.

FARON RAYMOND HAWKINS,

    Defendant-Respondent.

Boise, January 2013 Term

2013 Opinion No. 49

Filed: April 17, 2013

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge

District court determination regarding mental competency, <u>reversed</u> and <u>remanded.</u>

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for appellant. Lori A. Fleming, Deputy Attorney General argued.

Brady Law Chtd., Boise, for respondent. Eric D. Fredericksen argued.

---

BURDICK, Chief Justice

This is a permissive interlocutory appeal from the district court's determination that the law of the case doctrine prohibited it from making a retroactive determination of Faron Hawkins's mental competency when he stood trial in January 2008.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2008, a jury convicted Faron Hawkins of two counts of robbery. He appealed his conviction and the Idaho Court of Appeals issued a decision on December 30, 2009, vacating the conviction and remanding the matter for a new trial. The Court of Appeals determined that the district court erred by not having Hawkins undergo a mental health evaluation during his jury trial to determine whether or not he was competent to proceed. Specifically, the Court of Appeals stated:

Taking into account all of the indicia of bizarre notions demonstrated before trial started, there was enough evidence in this case to put the district court on notice that Hawkins' competence was in question. Even if the pretrial conduct was insufficient to call for a competency evaluation, certainly Hawkins' testimony during the trial presented compelling indicia that he was not in touch with reality. When taking the entire record into account, the district court should have entertained a reasonable doubt about Hawkins' mental competency either to stand trial or to represent himself. Therefore, the district court's failure to *sua sponte* order a mental evaluation and make a determination as to Hawkins' competency was an abuse of discretion.

Because it is not possible to retroactively make a determination as to Hawkins' competency at the time he was tried, we must vacate the judgment of conviction and leave the state free to retry Hawkins if he is found to be competent to stand trial.

*State v. Hawkins*, 148 Idaho 774, 782–83, 229 P.3d 379, 387–88 (Ct. App. 2009).

On remand, the district court ordered Hawkins to undergo a competency evaluation pursuant to I.C. §§ 18-211 and 18-212. Licensed psychologist Dr. Chad Sombke and licensed psychiatrist Dr. Michael Estess evaluated Hawkins and testified that based on their interactions with him, his responses to testing, and information regarding his social and institutional history, Hawkins was competent to stand trial. Dr. Estess was a consulting psychiatrist for the Ada County Jail and had a clinic there with three masters-level social workers on staff throughout the two-year period Hawkins was incarcerated at the Ada County Jail. Dr. Estess testified that he interacted with Hawkins individually during this time period on several occasions and also spoke often with social workers and jail staff who had more frequent contact with him. Between 2006 and 2008, neither he nor his staff believed that Hawkins suffered from any mental illness. Dr. Estess testified at Hawkins's 2010 competency hearing that, based on the documents he reviewed, the interviews he conducted, and his interactions and his staff's interactions with Hawkins prior to trial, he believed Hawkins was "perfectly competent to understand the nature of the proceedings, to confer with an attorney in his own defense and understand what was going on" at the time he was tried in January 2008. It is unclear whether the Court of Appeals knew of Dr. Estess's interactions with Hawkins when it reviewed his appeal from his 2008 conviction. Based on the totality of the evidence presented to it, "including admitted exhibits and testimony presented during the competency hearing," the district court found that Hawkins was both presently competent to stand trial and had been competent to stand trial in January 2008. However, the court found that the law of the case required it to retry the case.

2

The State timely moved to file an interlocutory appeal from this decision, which the district court granted. The State then requested this Court's permission to appeal from the district court's December 6, 2010 Order, which this Court granted.

## II. ANALYSIS

The State appeals the district court's determination that the law of the case doctrine required it to follow the Court of Appeals's directive that Hawkins is entitled to a new trial. In relevant part the Court of Appeals stated, "Because it is not possible to retroactively make a determination as to Hawkins' competency at the time he was tried, we must vacate the judgment of conviction and leave the state free to retry Hawkins if he is found to be competent to stand trial." *Hawkins*, 148 Idaho at 783, 229 P.3d at 388. The question before this Court is whether this language prohibits the district court from making a retroactive determination of Hawkins's mental competency when he stood trial in 2008. Hawkins first argues that this language prohibits the district court from retroactively determining his competency and, in the alternative, that such a determination would violate his due process rights.

"The credibility of witnesses, the weight of their testimony, and any inferences drawn are matters resolved by the district court and will not be set aside on appeal unless clearly erroneous." *Stuart v. State*, 136 Idaho 490, 494, 36 P.3d 1278, 1282 (2001) (*Stuart IV*). As to questions of law, this Court exercises free review. *Id.* at 494–95, 36 P.3d at 1282–83.

**A. The Language from *State v. Hawkins* Does Not Prohibit the District Court from Making a Retroactive Determination of Hawkins's Competency.**

The State argues that the district court incorrectly determined that the law of the case prevents the court from making a retroactive competency determination. Hawkins responds that both I.A.R. 38 and the law of the case doctrine require the district court to follow the directive of the Court of Appeals and only allow the State to retry Hawkins. Additionally, Hawkins contends that the State waived any challenge to whether or not a retroactive competency evaluation is possible in his case by failing to appeal the decision of the Court of Appeals.

*1. The State did not waive its challenge to whether Hawkins was competent to stand trial in January 2008.*

Hawkins argues that the State is precluded from now arguing that this Court should consider whether a retroactive competency determination is permissible. He contends that because the State has already had two opportunities to address the issue of retroactive competency determinations as a remedy and neglected to do so, the State has waived any further

3

challenges regarding the issue. Hawkins explains that in his first appeal he briefed the Court of Appeals on why a new trial was the proper remedy if it found that the district court erred, but the State failed to address this argument in its briefing. The Court of Appeals did address the issue in its decision, concluding that "[b]ecause it is not possible to retroactively make a determination as to Hawkins' competency at the time he was tried, we must vacate the judgment of conviction and leave the state free to retry Hawkins if he is found to be competent to stand trial." *Hawkins*, 148 Idaho at 783, 229 P.3d at 388. Hawkins argues that by failing to address this conclusion in its Petition for Review, the State waived any challenges as to the possibility of making a retroactive determination of Hawkins's competency. The State responds that it is not asking the court to consider this question, just whether or not the Court of Appeals's statement is the law of the case. The State concedes that if this Court determines that this statement is the law of the case, then a retroactive determination of Hawkins's competency should not be allowed.

Hawkins correctly cites that the law of the case doctrine "prevents consideration on a subsequent appeal of alleged errors that might have been, but were not, raised in the earlier appeal." *Taylor v. Maile*, 146 Idaho 705, 709, 201 P.3d 1282, 1286 (2009). Therefore, the issue is: could the State have raised the question of whether the Court of Appeals's statement was the law of the case in its petition for review to the Supreme Court?

In its decision on Hawkins's first appeal, the Court of Appeals never discussed with factual recitation or legal argument why a retroactive competency determination would be impossible in Hawkins's case. We read the conclusion that a retroactive competency determination was impossible as indicating that such a determination could not be decided based on the record before the Court of Appeals. The State could have appealed the original Court of Appeals's decision that a retroactive competency determination was impossible, but this is not the issue the State is now presenting. Therefore, the State did not waive the issue of whether a retroactive competency hearing is the law of the case for the trial court.

2.  *The law of the case does not prevent the district court from making a retroactive competency determination.*

The State argues that the Court of Appeals did not establish the law of the case in *Hawkins* when it stated "[b]ecause it is not possible to retroactively make a determination as to Hawkins' competency at the time he was tried, we must vacate the judgment of conviction and leave the state free to retry Hawkins if he is found to be competent to stand trial." *Hawkins*, 148 Idaho at 783, 229 P.3d at 388. The State argues that this statement is not the law of the case for

4

three reasons: (1) it was not necessary to the only issue being raised on appeal; (2) there is no discussion as to why a retroactive determination is impossible; and (3) the statement is contrary to the facts that have been developed on remand.

The law of the case doctrine states that "upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal...." *Stuart IV*, 136 Idaho at 495, 36 P.3d at 1283 (quoting *Swanson v. Swanson,* 134 Idaho 512, 515, 5 P.3d 973, 976 (2000)). However, this Court has noted that the law of the case doctrine "directs a court's discretion, it does not limit the tribunal's power." *Id.* (quoting *Arizona v. California,* 460 U.S. 605, 618 (1983)).

In *Stuart IV*, the defendant claimed that the law of the case prevented the district court from admitting illegally obtained attorney-client conversations under any means other than the independent origin exception. Stuart based this argument on the following language from this Court's decision on his previous appeal: "[i]f such attorney-client conversations are found to have been recorded, the State will be required to show that the evidence at trial had an origin independent of the eavesdropping." *Stuart v. State*, 118 Idaho 932, 935, 801 P.2d 1283, 1286 (2001) (*Stuart III*). Stuart took issue with the district court's finding on remand that under the independent origin, inevitable discovery, and attenuated basis exceptions the recorded conversations did not lead to the discovery of evidence used at trial. *Stuart IV*, 136 Idaho at 494, 36 P.3d at 1282. Stuart appealed the district court's decision arguing that because this Court only mentioned the independent origin exception in its directive to the district court, the district court could not apply any other exceptions to the exclusionary rule on remand. *Id.* at 495, 36 P.3d at 1283. We then concluded that the language from *Stuart III* was not the law of the case for two reasons. First, because this Court "provided little discussion as to why it chose to state that the State had to prove an 'origin independent of the eavesdropping,'" the holding in *Stuart III* did not establish that the words chosen were intended to preclude other exceptions. *Id.* Indeed, as this Court noted, the case it cited in support of its holding in *Stuart III* not only discussed the independent origin exception but also the attenuated basis exception. *Id.* Second, at the time of *Stuart III*, this Court reasoned that because there was no Idaho case law on the applicability of the various exceptions to the exclusionary rule, "it cannot be presumed that this Court has

5

decided that the inevitable discovery and attenuated basis exceptions should not be applied in Idaho." *Id.*

Both of the reasons behind this Court's decision in *Stuart IV* apply to this case. While the Court of Appeals extensively discussed Hawkins's erratic behavior before and during the trial in 2008, it provided no discussion as to why a retroactive competency determination was impossible. Indeed, there is absolutely no discussion relating to retroactive competency determinations at all.[1]

This case is also similar to *Stuart IV* in that the court's holding appears to foreclose an issue of law that has not been addressed in Idaho. This Court has never addressed whether retroactive competency hearings are permissible, and if so, under what circumstances. However, like the inevitable discovery and attenuated basis exceptions the district court applied in *Stuart IV*, retroactive competency determinations are allowed in many jurisdictions under certain circumstances. *See, e.g.*, *Odle v. Woodford*, 238 F.3d 1084, 1089 (9th Cir. 2001) ("We have said that retrospective competency hearings may be held when the record contains sufficient information upon which to base a reasonable psychiatric judgment."); *Montana v. Bostwick*, 988 P.2d 765, 772–73 (Mont. 1999) (holding that the erroneous failure to hold a pretrial competency hearing can be "cured" by a meaningful retrospective hearing); *Traylor v. State*, 627 S.E.2d 594, 601 (Ga. 2006) (remanding for retrospective competency hearing at which defendant was to "have the burden to show incompetency by a preponderance of the evidence"); *People v. Ary*, 246 P.3d 322, 329 (Cal. 2011) *cert. denied*, 132 S. Ct. 136 (2011) (holding that once the feasibility of a retrospective hearing is determined, requiring a criminal defendant to prove at a retrospective mental competency hearing that he was incompetent when tried earlier does not violate the defendant's due process rights).

We hold that the language in *Hawkins* regarding a retroactive competency determination and the State being free to retry Hawkins if he is found presently competent, is not the law of the case. Because there was no legal analysis on the subject of retroactive competency determinations and no factual discussion from the Court of Appeals as to why one would not be

[1] It appears that Hawkins did brief the court on the appropriate remedy should it find that the district court erred by not *sua sponte* ordering a competency evaluation. Specifically, Hawkins argued:

> At this point, as in [*Drope v. Missouri*, 420 U.S. 162 (1975)], it is not possible to make an evaluation of Mr. Hawkins' competency at the time he was tried. The only remedy that will fulfill the state and federal constitutional due process guarantees is to reverse the judgment of conviction leaving the state free to retry Mr. Hawkins if he is now competent to stand trial.

possible in this case, we read the court's conclusory statement as an acknowledgement that it had no record on which to base a retroactive competency determination.

Moreover, the language regarding a retroactive competency determination being impossible does not appear to be "necessary to the decision." *See Stuart IV*, 136 Idaho at 495, 36 P.3d at 1283 (stating that "upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case"). If the statement is not necessary to decide the issue presented to the appellate court, it is considered to be dictum and not controlling. *See Petersen v. State*, 87 Idaho 361, 365, 393 P.2d 585, 587 (1964) (finding that statements in the court's opinion that did not appear "to have played a role in the ultimate decision of the court" are dicta).

The question before the Court of Appeals in *Hawkins* was whether the district court's failure to *sua sponte* order a psychiatric evaluation and to conduct a hearing to determine Hawkins's competence to stand trial was an abuse of discretion. In relevant part the Court of Appeals concluded:

> When taking the entire record into account, the district court should have entertained a reasonable doubt about Hawkins' mental competency either to stand trial or to represent himself. Therefore, the district court's failure to *sua sponte* order a mental evaluation and make a determination as to Hawkins' competency was an abuse of discretion.

*Hawkins*, 148 Idaho at 783, 229 P.3d at 388. The Court of Appeals then vacated the judgment of conviction leaving the State free to retry Hawkins if he was found presently competent. *Id*. Whether a retroactive competency determination was possible was not necessary to the court's decision and therefore it is not the law of the case.

3. *Idaho Appellate Rule 38 does not prohibit the district court from making a retroactive competency determination in this case.*

Hawkins argues that pursuant to I.A.R. 38, the district court only had the authority to order a new trial. The State responds that I.A.R. 38 is merely the codification of the law of the case doctrine. The State is correct. Idaho Appellate Rule 38(c) provides that:

> When the opinion filed has become final in accordance with this rule, the Clerk of the Supreme Court shall issue and file a remittitur with the district court or administrative agency appealed from and mail copies to all parties to the appeal and to the presiding district judge or chairman of the agency. The remittitur shall advise the district court or administrative agency that the opinion has become final and that the district court or administrative agency shall forthwith comply with the directive of the opinion.

7

In his brief Hawkins focuses on the rule's language that the district court "shall forthwith comply with the directive of the opinion." Thus, Hawkins's argument asks whether the Court of Appeals's statement is a controlling "directive" or, as the State contends, merely dictum that did not bind the district court to order a retrial. This is the same question posed under the law of the case issue discussed above. Thus, for the purposes of this case, Rule 38 and its use of the word "directive" does not require additional analysis of this issue.

**B. Whether the District Court Erred in Determining that Hawkins Was Retroactively Competent Is Not an Issue Presently Before this Court.**

Hawkins argues that if this Court finds that the district court is not barred by the holding of the Court of Appeals from retroactively determining Hawkins's competency, then this Court should find that the district court's determination violated Hawkins's due process rights. Whether a retroactive competency determination is appropriate in Hawkins's case is not the issue before this court on permissive appeal and is not the type of issue allowed on appeal under I.A.R. 12.

This Court granted the State "leave to appeal by permission under I.A.R. 12 from the district court's Order Regarding Competence to Stand Trial." Idaho Appellate Rule 12(a) provides the following criteria for permissive appeals:

> Permission may be granted by the Supreme Court to appeal from an interlocutory order or judgment of a district court in a civil or criminal action, or from an interlocutory order of an administrative agency, which is not otherwise appealable under these rules, but which involves a controlling question of law as to which there is substantial grounds for difference of opinion and in which an immediate appeal from the order or decree may materially advance the orderly resolution of the litigation.

We did not grant a permissive appeal as to whether a retroactive competency determination is appropriate in Hawkins's case. This question is not a controlling question of law nor is it an issue that requires an immediate appeal. Therefore, we need not address this issue.

### III. CONCLUSION

Neither the law of the case doctrine nor I.A.R. 38 prevents the district court from making a retroactive competency determination as to Hawkins in this case. Therefore, we reverse the decision of the district court and remand this case for further proceedings consistent with this opinion.

Justices EISMANN, J. JONES, W. JONES, and HORTON CONCUR.

8