# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49243

In the Matter of the Estate of:
Eric Milo Hirning, Deceased.

----------------------------------------------------------------

CINDY LOUISE UZZLE, JOHN E. WHITE,
and JODI HIRNING,

    Plaintiffs-Appellants,

v.

THE ESTATE OF ERIC MILO HIRNING,
VICKI D. BERRYMAN, and RODNEY J.
JACOBS, Co-Personal Representatives,

    Defendants-Respondents.

Pocatello, August 2022 Term

Opinion filed: October 19, 2022

Melanie Gagnepain, Clerk

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Darren B. Simpson, District Judge. Scott H. Hansen, Magistrate Judge.

The decision of the district court is affirmed.

May, Rammell & Wells, Chtd., Pocatello, for Appellants. Kyle May argued.

Baker & Harris, Blackfoot, for Respondents. Dwight Baker argued.

---

MOELLER, Justice.

The probate of this relatively small estate has again returned to this Court—this time, the dispute only concerns attorney fees. It arises from the probate proceedings of Eric Milo Hirning's estate, which we first reviewed in *Matter of Est. of Hirning*, 167 Idaho 669, 475 P.3d 1191 (2020). In this appeal, the Appellants challenge the district court's affirmance of the magistrate court's decision to allow the personal representatives to recover their legal expenses incurred in the administration of the estate, pursuant to Idaho Code section 15-3-720. The Appellants also challenge the attorney fees awarded to the Respondents on intermediate appeal pursuant to Idaho Code section 12-121. For the following reasons, we affirm the district court.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2020, siblings Cindi Hirning, Jodi Hirning, and John E. White ("the Appellants") first appealed to this Court to challenge decisions made by the lower courts in the probate proceedings for their deceased father/stepfather, Eric Milo Hirning ("Mr. Hirning"). Mr. Hirning died testate in February 2015, leaving the residue of his estate (the "Estate") to his children and step-children. *Id.* Vicki Berryman and Rodney Jacobs were named as co-personal representatives in his last will and testament.

The background of Mr. Hirning's family, his last will and testament, and the contents of his Estate were summarized in the prior appeal:

> At the time of his death, Mr. Hirning had three biological children—Vicki Dian Berryman, Jody Hirning, and Cindy Louise Uzzle—as well as one stepchild—John E. White—from his first marriage. In addition, Mr. Hirning shared a close personal relationship with his second wife's two children, Rodney Jacobs and Debi Sanders, considering them family for all practical purposes. The six children and stepchildren—Vicki, Jody, Cindy, John, Rodney, and Debi—are the sole beneficiaries of the Will.
>
> Under the Will, *one biological child, Vicki, and one stepchild, Rodney*, were designated as co-personal representatives of Mr. Hirning's estate. The Will directed that Mr. Hirning's personal property be sold to any interested beneficiary or, if more than one beneficiary expressed interest, to be sold at a family auction to the highest bidder. Further, the Will provided for a potential specific bequest to Rodney, giving him the option to purchase Mr. Hirning's residence, a manufactured home situated on approximately twelve acres in Bingham County, within one year of Mr. Hirning's death for $10,000 less than the fair market value. Rodney had the additional right to live in Mr. Hirning's home rent-free during that year.

*Matter of Est. of Hirning*, 167 Idaho at 672–73, 475 P.3d at 1194–95 (emphasis added).

Upon initiation of this probate action, Appellants attempted to remove Vicki as a co-representative of the Estate due to her alleged "personal animosity toward the other beneficiaries." *Id.* at 673, 475 P.3d at 1195. The magistrate court denied this motion and appointed both Vicki and Rodney as co-personal representatives. For a year and a half, Vicki and Rodney worked to wind-up the Estate, "including disposing of Mr. Hirning's remaining personal property and home." *Id.* After the magistrate court approved the Estate's final accounting and proposed distribution, the Appellants challenged the magistrate court's order by appealing to the district court. *Id.* at 674, 475 P.3d at 1196.

While "the district court affirmed the magistrate court's order in nearly every respect," it "remanded the matter to the magistrate court to make formal findings of fact and conclusions of

law regarding the co-personal representative's fees and expenses." *Id.* Initially, the district court did not award attorney's fees to either party on appeal. However, after the Estate filed a petition for rehearing, the district court agreed that it had mistakenly overlooked the Estate's request for fees and costs. *Id.* The court subsequently awarded attorney fees to the Estate pursuant to Idaho Code section 12-121, finding the Appellants had brought the appeal frivolously, unreasonably, and without foundation. *Id.* at 675, 475 P.3d at 1197. Appellants then appealed to this Court.

On appeal, we affirmed the district court's decision to uphold the magistrate court's orders approving the Estate's final accounting and proposed distribution. *Id.* However, we reversed on one issue, concluding that the district court erred in awarding attorney fees to the Estate under Idaho Code section 12-121. We explained that the district court's reliance on section 12-121 was in error because:

> In its briefing before the district court, the Estate's only mention of section 12-121 is to conclude that it is inapplicable in this case because this Court's holding in *Quemada v. Arizmendez*, 153 Idaho 609, 288 P.3d 826 (2012), dictates that Idaho Code section 15-8-208 is the appropriate attorney's fees provision in contested probate matters subject to TEDRA ["Trust and Estate Dispute Resolution Act," I.C. §§ 15-8-101 *et seq*.]. Additionally, the Estate's brief in support of rehearing explicitly stated it is "not pursuing the claim under I.C. § 12-121." Indeed, because the Estate clearly argued against an award under section 12-121, it made no argument concerning why the Appellants' appeal to the district court was frivolous, unfounded, or without reason. Although the district court was left with the abiding belief that the Appellants pursued their appeal frivolously, without foundation, and unreasonably, it did not act consistently with the applicable legal principals when it awarded attorney's fees without the proper foundation. Consequently, the district court abused its discretion in awarding the Estate attorney's fees under Idaho Code section 12-121.

*Id.* at 688, 475 P.3d at 1210. This Court also denied an award of attorney fees on appeal after concluding that both parties had prevailed in part. *Id.*

On remand, the district court rescinded its order granting attorney fees to the Estate and remanded the case back to the magistrate court. Vicki and Rodney then sought reimbursement from the Estate for attorney fees incurred in administration of the Estate, pursuant to Idaho Code sections 15-3-719 and 15-3-720. They also requested supplemental findings of fact and conclusions of law addressing the co-personal representatives' expenses. The Appellants opposed both motions, and the magistrate court set a hearing for February 16, 2021, after which the parties were allowed to file proposed findings of fact and conclusions of law, as well as additional briefing on the issue of awarding attorney fees.

3

The magistrate court signed Vicki and Rodney's proposed findings of fact and conclusions of law, adopting them as its own. It also signed an order for legal expenses to be paid pursuant to Idaho Code section 15-3-720. The residue of the Estate was then ordered to be distributed to all the beneficiaries—Mr. Hirning's six children and stepchildren—pursuant to his will. As of February 2021, the attorney fees totaled $29,108.00. When subtracted from the $34,897.70 residue of the Estate, the payment of attorney fees would leave $5,789.70 to be distributed to the six beneficiaries.

Vicki and Rodney have not yet been discharged as the co-personal representatives of the Estate. Appellants challenged the magistrate court's final orders by appealing once more to the district court. The district court affirmed the magistrate court's orders. It concluded:

> The co-representatives of the Estate had the authority to hire an attorney to aid in the prosecution of this matter, and to reimburse their attorney for his efforts, win or lose, on behalf of the Estate. Neither *res judicata* nor lack of jurisdiction, nor waiver barred Vicki and Rodney from pursuing attorney fees from the Estate. Neither have Cindy, Jodi, and John shown that Vicki and Rodney's efforts to finalize this adjudication were unnecessary or unreasonable.

The district court also concluded that Vicki and Rodney were entitled to an award of attorney fees on intermediate appeal under Idaho Code section 12-121, per their request in the briefing. Appellants Cindi, Jodi, and John timely appealed.

## II. STANDARD OF REVIEW

When reviewing the decision of a district court acting in its intermediate appellate capacity, we review the magistrate court's record "to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings." *Matter of Est. of Hirning*, 167 at 675, 475 P.3d at 1197 (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)).

> If the district court affirmed the magistrate court's decision, and the magistrate court's findings are supported by substantial and competent evidence, this Court affirms the district court as a matter of procedure. Importantly, "this Court does not review the decision of the magistrate court[,] ... [r]ather, [it is] 'procedurally bound to affirm or reverse the decisions of the district court.' "

*Id.*

Additionally, this Court reviews a decision to award attorney's fees and costs under the abuse of discretion standard. *Id.* at 675–76, 475 P.3d at 1197–98. In determining whether a trial court abused its discretion, this Court asks "[w]hether the trial court: (1) correctly perceived the

4

issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III. ANALYSIS

At issue in this appeal are payments authorized by the magistrate court to the personal representatives under two separate sections of the Idaho Code: (1) section 15-3-720 (for reimbursement of legal expenses incurred by the Estate); and (2) section 12-121 (for attorney fees to Vicki and Rodney on intermediate appeal against the Appellants—Cindy, Jodi, and John). The Appellants' arguments focus on waiver, res judicata, jurisdiction, and that certain fees were unnecessarily incurred. However, the pivotal issue on appeal is whether the district court correctly distinguished the reimbursement of legal expenses incurred by personal representatives as a cost of administration under Idaho Code section 15-3-720 from attorney fees awarded to the prevailing parties in litigation, such as in Idaho Code section 12-121.

### A. The district court correctly determined that the "attorney fees" allowed under Idaho Code sections 15-3-715 and 15-3-720 were legal expenses properly recoverable by the personal representatives of the estate.

Vicki and Rodney argue that they are entitled to a reimbursement from the Estate under Idaho Code sections 15-3-715 and 15-3-720 for their legal expenses necessarily incurred in defending the Estate through all stages of litigation, including the prior appeal. The Appellants contend that this argument is "meritless" because "I.C. § 15-3-715 [is] completely devoid of any language granting a personal representative a right to attorney's fees and costs." When addressing Idaho Code section 15-3-720, the Appellants also maintain that Vicki and Rodney failed to file a memorandum of costs, as required by the Idaho Rule of Civil Procedure 54(e). The district court concluded that fees allowed under section 15-3-720 "are a cost of administration, rather than dictated by the party's positions," making them "awardable whether the personal representative is successful or not." Thus, the district court concluded that the magistrate court was "authorized by statute to determine whether the attorney fees incurred by the co-personal representatives, whether at the trial, appellate, or Idaho Supreme Court level, are reasonable and recoverable from the Estate." This statement is correct.

Idaho's magistrate courts are assigned the responsibility for probate proceedings and have broad jurisdiction "to determine how decedents' estates . . . are to be administered, expended and

5

distributed." I.C. §§ 1–2208(2), 15-3-105. Thus, "all matters related to decedent's estates should first be considered and determined by the magistrate judge in the probate proceeding." *Miller v. Est. of Prater*, 141 Idaho 208, 213–14, 108 P.3d 355, 360–61 (2005). This includes the magistrate court's authority to review the "propriety of employment" of an attorney by a personal representative as well as "the reasonableness of the compensation," which includes the attorney fees and costs incurred. I.C. § 15-3-721. *See also Idaho Dep't of Health & Welfare v. Jackman*, 132 Idaho 213, 217, 970 P.2d 6, 10 (1998) (remanding to the lower court and explaining that the magistrate court held authority to consider a personal representative's request for attorney fees under Idaho Code section 15-3-720 for necessary expenses and disbursements), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). Court-supervised administration of the estate occurs in "a single in rem proceeding to secure complete administration and settlement of a decedent's estate under the continuing authority of the court." I.C. § 15-3-501. This authority "extends until entry of an order approving distribution of the estate and discharging the personal representative or other order terminating the proceeding." *Id.*

Pursuant to Idaho Code section 15-3-715, "a personal representative, acting reasonably for the benefit of the interested persons, may properly: . . . (22) Prosecute or defend claims, or proceedings in any jurisdiction for the protection of the estate and of the personal representative in the performance of his duties." Idaho Code section 15-3-720 then permits a personal representative to recover the necessary legal expenses and disbursements from the estate for defending or prosecuting a proceeding: "If any personal representative or person nominated as personal representative defends or prosecutes any proceeding in good faith, whether successful or not, he is entitled to receive from the estate his necessary expenses and disbursements including reasonable attorney's fees incurred." Like several states, Idaho modeled this provision on the attorney-fees statute of the Uniform Probate Code. *See* UNIF. PROB. CODE § 3-720 (1969).

As the plain language reads, Idaho appellate courts have been consistent in the application of Idaho Code section 15-3-720, holding that the statute authorizes a personal representative to recover "the necessary legal expenses and disbursements," including attorney fees, "from the estate" for defending or prosecuting a proceeding. *See Matter of Est. of Birch*, 164 Idaho 631, 632, 434 P.3d 806, 807 (2019); *Matter of Bowman's Est.*, 101 Idaho 131, 136, 609 P.2d 663, 669 (1980);

6

*In re Peterson's Est.*, 38 Idaho 195, 220 P. 1086, 1087 (1923) (analyzing a statutory precedent: C.S. § 7688); *Matter of Est. of Berriochoa*, 108 Idaho 474, 476, 700 P.2d 96, 98 (Ct. App. 1985).

Our prior case, *Matter of Bowman's Estate*, directly addresses this question. In *Bowman*, this Court contemplated attorney fees sought under both Idaho Code sections 15-3-720 and 12-121 in a will contest. 101 Idaho at 136, 609 P.2d at 669. During her first marriage, Dorothy L. Cruse Bowman executed a will that appointed her husband, Cruse, as her personal representative, and a third party, Shaw, as an alternate personal representative should Dorothy's husband predecease her. Her husband died soon after the will was executed. Three years later, Dorothy married Bowman but never made any changes to her will. Once Dorothy died, Shaw filed an application for informal probate of the will. Bowman then "filed a petition for adjudication of intestacy, determination of heirs, appointment of administrator and objections to the alleged will." *Id.* at 132, 609 P.2d at 664. When the trial court appointed Bowman to be the personal representative, Shaw appealed and this Court ultimately restored him as the personal representative pursuant to Dorothy's will. *Id.* at 132–34, 609 P.2d at 664–66.

*Bowman* contemplated several issues on appeal, but key to this case is the brief discussion by this Court on attorney fees. Both parties—Bowman and Shaw—sought attorney fees in the appeal. *Id.* at 136, 609 P.2d at 669. Bowman claimed attorney fees under Idaho Code section 15-3-720, but these were denied by this Court on concluding "that he was not entitled to be appointed as the personal representative of this estate." *Id.* This Court instead held that Shaw was entitled to the recovery of "his necessary expenses and disbursements and as reasonable attorney's fees incurred on this appeal, *payable out of the estate as a cost of administration*, but not as against the respondent." *Id.* (emphasis added). The *Bowman* Court explained:

> [W]hile appellant [Shaw] did not specifically claim attorney fees on this appeal under this section, it would appear that from the terms of this statute "he is entitled to receive from the estate his necessary expenses and disbursements, including reasonable attorney's fees incurred." This does not mean, however, that this is a cost to be awarded as against the respondent Bowman herein. If the estate itself, as apart from the personal representative of the estate, is to be entitled to an award of attorney fees against the respondent, it would be necessary for the estate to establish that the defense by respondent to this appeal was being maintained frivolously, unreasonably or without foundation. The record would not sustain such a finding.

*Id.* (citations omitted).

As showcased in *Bowman*, section 15-3-720 entitles the personal representative to recover from the estate his necessary expenses incurred in the administration of the estate or in the

prosecution or defense of the estate's legal positions. Such expenses may "includ[e] reasonable attorney's fees," but the actual award is a personal representative's "necessary expenses and disbursements." I.C. § 15-3-720. This includes expenses accrued where a personal representative employs an attorney to "prosecute or defend claims . . . for the protection of the estate and of the personal representative in the performance of his duties." I.C. § 15-3-715(22). Appellants have challenged the reimbursement of such expenses to Vicki and Rodney, arguing that these expenses are all "attorney fees." Furthermore, Appellants contend that all attorney fees are barred in this case because this Court previously declined to grant an award to either side under Idaho Code section 12-121 where there was no overall prevailing party in the prior appeal. *Matter of Est. of Hirning*, 167 Idaho at 688, 475 P.3d at 1210.

The Appellants' arguments miss the mark. As discussed above, there is a difference between an award of attorney fees to a prevailing party against a non-prevailing party and the recovery of legal expenses for the cost of administrating an estate. *Bowman*, 101 Idaho at 136, 609 P.2d at 669. Our determination to vacate the attorney fees awarded under section 12-121 in the first appeal has no bearing on whether Vicki and Rodney are entitled to a reimbursement of their legal expenses for the Estate's administration under Idaho Code section 15-3-720, which is authorized regardless of a personal representative's success in litigation.

Here, Vicki and Rodney filed a request to recover their legal expenses and attorney fees "incurred in administration" of the Estate. Vicki and Rodney are not seeking attorney fees against the Appellants as adverse parties in the litigation, as Appellants contend; rather, they are seeking an award from the Estate as a reimbursement of their necessary and reasonable costs incurred in hiring counsel to defend claims throughout this litigation. As the district court correctly explained:

> [T]he attorney fee question at bar is Vicki and Rodney's request for fees incurred in the administration of the Estate, authorized under Idaho Code §§ 15-3-715(22) and 15-3-720. Such fees are not sought against Cindy, Jodi, and John individually, but against the Estate. Necessary expenses and disbursements from an estate, including reasonable attorney fees pursuant to Idaho Code § 15-3-720, are not properly considered at the appellate level. Instead, these fees are properly considered by the magistrate judge on remand, following an appeal in an estate case.

We agree with the district court's assessment. The timing of Vicki and Rodney's request for reimbursement was proper. They could only have sought reimbursement from the Estate for costs related to the first appeal *after* remand because an appellate court does not directly concern itself with the administration of the estate—those determinations are initially made by the court handling

8

the probate. While Vicki and Rodney could have sought to recover some previously incurred costs of administration before the first appeal, there was no requirement for them to do so. Section 15-3-720 does not contain a time frame for the recovery of "necessary expenses and disbursements"; thus, such requests for reimbursements may be authorized as they are incurred or upon the final closing of the estate.

The Appellants have improperly framed this appeal as a challenge to attorney fees awarded to the personal representatives as a cost of litigation, when in reality it concerns reimbursement of the legal expenses incurred by the personal representatives in administering the Estate and responding to the probate challenges. We have never barred a personal representative from seeking rightful reimbursement of legitimate expenses in fulfilling their fiduciary duties to the estate, and we decline to do so now. This right is clearly enumerated by Idaho statute.

Of course, the Appellants are correct when they assert that, in effect, they are paying a portion of the cost of the legal expenses because their shares in the Estate have been significantly diminished due to the costs of this ongoing legal dispute. However, this does not alter the analysis or somehow transform the *reimbursement* of costs of administration to the personal representatives into an *award* of attorney fees against Appellants. While the Appellants will effectively pay a prorated portion of the legal expenses by receiving a smaller disbursement, the remaining heirs will also experience the same reduction—including Vicki and Rodney. Even Debi Sanders, the only beneficiary who did not join the litigation, will also receive a diminished share of the Estate due to this unfortunate and extended litigation.

As explained in *Bowman*, the award to a personal representative for "his necessary expenses and disbursements and as reasonable attorney's fees incurred on this appeal," are "payable out of the estate as a cost of administration, but not as against the respondent." 101 Idaho at 136, 609 P.2d at 669. In short, an award under Idaho Code section 15-3-720 is calculated against the estate, not against the parties or beneficiaries as individuals. As both personal representatives and beneficiaries of the Estate, Vicki and Rodney undoubtedly held as much interest as the Appellants in keeping the legal expenses low and reasonable. However, the ongoing legal challenges brought by the Appellants have ensured that all of the beneficiaries' real inheritance will be little more than the costs of this bitter litigation.

We conclude that the magistrate court properly considered and allowed Vicki and Rodney's request for reimbursement of their legal expenses under Idaho Code sections 15-3-720

9

and 15-3-715(22). There is substantial and competent evidence to support the magistrate court's findings of fact and conclusions of law. Thus, we affirm the district court in upholding the magistrate court's allowance. As personal representatives who rightfully defended and protected the Estate through the Appellants' challenges, Vicki and Rodney are entitled to recover their necessary expenses and disbursements from the Estate.

**B. The reimbursement of legal expenses allowed under Idaho Code sections 15-3-720 and 15-3-715(22) was not barred by waiver, res judicata, or as an unnecessary incurrence of fees.**

In objecting to the recovery of legal expenses under Idaho Code section 15-3-720, the Appellants assert arguments under the doctrines of waiver, res judicata, and unnecessary incurrence of fees. Before delving into the parties' arguments, it is important to note that they break down the stages of this case into several litigation phases to argue how expenses specific to each phase are barred: Phase I refers to the administration of the Estate and proceedings before the magistrate court, Phase II refers to the first appeal to the district court, Phase III refers to the first appeal to the Idaho Supreme Court, and Phase IV refers to all the proceedings following remand. Appellants contend that (1) fees from Phase I are barred because Vicki and Rodney waived their right to request attorney fees and costs; (2) fees from phases II and III are barred by res judicata; and (3) fees from phase IV are barred because they were "unnecessarily and unreasonably incurred." We ultimately conclude that none of these arguments barred the magistrate court's reimbursement of legal expenses to Vicki and Rodney under Idaho Code section 15-3-720. We will address each issue in turn.

*1. Waiver does not apply.*

Appellants first argue that Vicki and Rodney waived their right to claim attorney fees and costs under Phase I for failing to file a memorandum of costs within 14 days of the final judgment, pursuant to Rule 54 of the Idaho Rules of Civil Procedure. The Phase I attorney fees were for the administration of the Estate and proceedings before the magistrate court. These fees were requested following the original proceedings before the magistrate court and have already been paid. The Phase I fees were $5,748.98, having been reduced by the magistrate court from the requested $9,000. This award was not appealed to, nor addressed by, this Court in the first appeal. *Matter of Est. of Hirning*, 167 Idaho 669, 475 P.3d 1191. Importantly, the Phase I attorney fees were not included in the $29,108 reimbursement award from the magistrate court following remand. The award of $29,108 consists of the legal expenses from only Phase II ($11,648), Phase

III ($15,300), and Phase IV ($2,160). Thus, the current challenge to the Phase I fees only addresses whether Vicki and Rodney waived that prior award by failing to file a memorandum of costs.

We conclude that waiver does not apply here. Vicki and Rodney were not required to submit a memorandum of fees under Idaho Rule of Civil Procedure 54(e) to receive reimbursement under Idaho Code section 15-3-720. In *Bailey v. Bailey*, beneficiaries of the estate challenged the reasonableness of the personal representative's claimed legal expenses and this Court remanded the case to the trial court to make a determination as to the reasonableness of the *amount* of attorney fees allowed under section 15-3-720 pursuant to the factors set forth in Rule 54(e)(3). Rule 54(e)'s factors must be considered when the reasonableness of the amount of attorney fees is at issue. Thus, *Bailey* stands for the proposition that "[w]hen a court makes a determination regarding the reasonableness of the amount of an award of attorney fees, it is to consider the factors set forth in [Rule 54(e)]." 153 Idaho at 530, 284 P.3d at 974. However, *Bailey* does not support Appellants' argument that a request for reimbursement of legal expenses sought by a personal representative under Idaho Code section 15-3-720 must always follow the procedures set forth in Rule 54(e).

Although this challenge is to the appropriateness of the Phase I fees, we must also conclude that the Appellants' waiver argument now before us is untimely and unpreserved. The original challenge to the Phase I fees was previously resolved by the magistrate court prior to the first appeal and those fees have already been paid by the Appellants. The Appellants contend they never appealed the issue because the matter was "unripe" prior to this second appeal. We do not agree. The law of the case doctrine bars the relitigation of issues in a single case and its subsequent progress, both in the trial court and in subsequent appeals. *Taylor v. Riley*, 162 Idaho 692, 698, 403 P.3d 636, 642 (2017). The doctrine also "prevents consideration on a subsequent appeal of alleged errors that might have been, but were not, raised in the earlier appeal." *State v. Hawkins*, 155 Idaho 69, 72, 305 P.3d 513, 516 (2013).

In the first appeal before this Court, we dealt with a range of challenges concerning Phase I of this litigation. Any challenge to the fees should have, and could have, been brought earlier for appellate review. This tardy challenge to fees already paid—after receiving relief from the magistrate court on the issue—is an untimely and improper attempt to get a second bite of the apple. Accordingly, we will not "consider[] on a subsequent appeal . . . alleged errors that might have been, but were not, raised in the earlier appeal." *Hawkins*, 155 Idaho at 72, 305 P.3d at 516.

  2. ***Res judicata does not apply.***

The Appellants next argue that the attorney fees incurred in litigating Phases II and III of this litigation are barred by the doctrine of res judicata. Vicki and Rodney argue that res judicata is inapplicable because there was no prior judgment that provides a foundation for res judicata, there are different parties involved, and there are different issues to address. The district court determined that res judicata does not apply to appellate court rulings within the same cause of action. We agree.

Res judicata precludes relitigation of a matter previously adjudicated by the courts. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 126, 157 P.3d 613, 620 (2007). It implies a separate case. Thus, "when a valid, final judgment is rendered in a proceeding, it extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Id.* (citation and internal quotation marks omitted). Here, however, the case is one of continuing litigation. The initial judgment was affirmed in part and reversed in part, and then remanded to the lower courts. It has returned on appeal to address the issues surrounding the personal representatives' reimbursement of legal expenses under Idaho Code section 15-3-720. As such, there is no final judgment "that would stand as a bar under res judicata to the assertion of new claims or theories . . . on the remand." *Capps v. Wood*, 117 Idaho 614, 618, 790 P.2d 395, 399 (Ct. App. 1990). Indeed, this Court has repeatedly defined a final judgment as "an order or judgment *that ends the lawsuit*, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties." *Spokane Structures, Inc. v. Equitable Inv., LLC*, 148 Idaho 616, 620, 226 P.3d 1263, 1267 (2010) (emphasis added) (citation omitted). An opinion remanding a case for further consideration clearly does not end a lawsuit.

Here, Appellants argue that because the magistrate court's decision on remand (the "Final Judgment on Remand") constitutes a final judgment for appeal, it must also constitute a final judgment for the purposes of res judicata. There are two main problems with this argument. First, a final, appealable judgment is different from a final judgment for res judicata purposes—the former provides a determination that can be challenged and reviewed through the appellate process, the latter puts litigation to rest. Second, the Appellants are relying on a final judgment *entered after remand* to invoke res judicata. In other words, the Appellants rely on the very same order they are challenging on appeal as the final authority on these issues to bar any relitigation. The judgment that serves as the foundation for this appeal cannot also be the foundation for res

judicata. Therefore, the district court was correct that there was no final adjudication of the Phase II and III attorney fees being appealed; thus, the doctrine of res judicata does not apply.

The law of the case doctrine is equally inapplicable here because this Court never addressed the issues of reimbursement under Idaho Code section 15-3-720 in the prior appeal. Indeed, neither claim nor issue preclusion apply for this same reason. This appeal concerns issues not addressed in the first appeal. Appellants have challenged the reimbursement of Vicki and Rodney's necessary costs incurred in hiring an attorney to defend the Estate against Appellants' claims raised in litigation. These expenses are not equivalent to the attorney fees previously disputed under Idaho Code section 12-121. Likewise, the prior appeal never addressed or actually decided the question of a reimbursement sought under Idaho Code section 15-3-720. In fact, we remanded the case so the magistrate court could address this issue. Thus, res judicata does not apply.

### 3. *The Phase IV fees were incurred as necessary and reasonable expenses.*

Appellants also argue that the Phase IV attorney fees were unnecessary and unreasonably incurred. The Phase IV fees accrued following remand from this Court, and the Appellants specifically challenge the magistrate court's verbatim adoption of Vicki and Rodney's proposed findings of fact and conclusions of law. They argue this was improper, and "just one more layer of injustice to require a party to have to pay for another to do what the trial judge has been appointed to do." The district court concluded that the Appellants failed to "submit cogent reasoning why it was unreasonable and unnecessary for Vicki and Rodney to file motions before Judge Hansen to move the proceedings toward a conclusion." We agree.

Initially, we must again note for the benefit of both the bench and the bar that it is appropriate "following a bench trial" for the trial court "to request proposed findings and conclusions from both parties and to use those in the drafting of the court's own findings and conclusions." *Fox v. Mountain W. Elec., Inc.*, 137 Idaho 703, 707, 52 P.3d 848, 852 (2002). Trial courts may avail the assistance of counsel in preparing such materials. *Compton v. Gilmore*, 98 Idaho 190, 194, 560 P.2d 861, 865 (1977). However, we have previously admonished the bench where it simply adopts one party's proposed findings of fact and conclusions of law verbatim. *Fox*, 137 Idaho at 707, 52 P.3d at 852; *Compton*, 98 Idaho at 194, 560 P.2d at 865. We renew these admonitions and reiterate that judges should employ the best practice of drafting their own findings of facts and conclusions of law. The practice of adopting, verbatim, one party's proposed findings and conclusions risks "undermin[ing] the entire judicial function itself." *Id.* Nevertheless, where

13

"the trial court adopts one party's proposed findings without change, it is not reversible error unless the findings are clearly erroneous, that is, not supported by substantial, competent evidence." *Fox*, 137 Idaho at 707, 52 P.3d at 852.

Following remand in this case, the magistrate court invited both parties to draft proposed findings of fact and conclusions of law. The magistrate court then signed Vicki and Rodney's draft without change, adopting their findings and conclusions verbatim. Under *Compton* and other cases, this practice has been disapproved. Nevertheless, the Appellants have not presented any arguments or pointed to any evidence in the record showing that those findings are clearly erroneous. Although the better practice would have been for the magistrate court to draft its own findings on reviewing the proposed drafts from both parties, nothing has been presented on appeal to suggest those findings should be overturned.

In sum, the Appellants arguments are unavailing. The magistrate court had jurisdiction to review and grant Vicki and Rodney's request for attorney fees under Idaho Code section 15-3-720. The award—as a whole and as applied to the respective phases—was appropriate. We agree with the district court that the reimbursement of Vicki and Rodney's legal expenses under Idaho Code section 15-3-720 was a proper conclusion to the Estate's administration and could not have been requested until after remand to the magistrate court. Therefore, we affirm the district court in upholding the magistrate court's award of legal expenses to Vicki and Rodney.

**C. The district court did not err in granting attorney fees to Vicki and Rodney on intermediate appeal under Idaho Code section 12-121.**

On their second appeal before the district court, both parties requested attorney fees pursuant to Idaho Code section 12-121. The district court granted the award to Vicki and Rodney on finding that "Cindy, Jodi, and John's appeal was brought frivolously, unreasonably, and without foundation." The Appellants argue that if this Court finds any merit to their arguments, that the award should be overturned.

When this Court reviews a decision to award attorney fees and costs, it applies the abuse of discretion standard. *Matter of Est. of Hirning*, 167 Idaho at 675, 475 P.3d at 1197. The Court asks "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Id.* at 675–76, 475 P.3d at 1197–98 (quoting *Lunneborg*, 163 Idaho at 863, 421 P.3d at

14

194). Appellants specifically argue that the district court lacked authority to make this award and failed to reach a decision by an exercise of reason.

Idaho Code section 12-121 permits the court "[i]n any civil action" to "award reasonable attorney's fees to the prevailing party or parties when [it] finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." As the intermediate appellate court with jurisdiction to hear the appeal, the district court held the authority to issue an award of attorney fees. Thus, the question turns on whether the district court abused its discretion in concluding the Appellants brought a frivolous, unreasonable, or unfounded appeal. We agree with the district court that the Appellants' arguments were without a basis in fact or law. The district court's determinations and analysis on this issue were well within the outer boundaries of its discretion. Thus, we affirm the district court's award under section 12-121.

### D. Vicki and Rodney are also entitled to attorney fees on this appeal.

Both parties have requested attorney fees on appeal under Idaho Code section 12-121. "An award of attorney fees under Idaho Code section 12-121 is not a matter of right to the prevailing party, but is appropriate only when this Court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Seward v. Musick Auction, LLC*, 164 Idaho 149, 160, 426 P.3d 1249, 1260 (2018). We again conclude that Appellants brought and pursued this appeal frivolously, unreasonably, and without foundation. Their various arguments to prevent the personal representatives from being reimbursed under Idaho Code section 15-3-720 were meritless. Therefore, we award attorney fees to Vicki and Rodney, the prevailing parties in this appeal. Costs are also awarded as a matter of right. I.A.R. 40(a).

## IV. Conclusion

We affirm the district court in upholding the magistrate court's orders. Attorney fees and costs are awarded to Vicki and Rodney as the prevailing parties.

Chief Justice BEVAN, Justices BRODY, STEGNER and ZAHN **CONCUR.**