**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50659**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 16, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| FARON RAYMOND HAWKINS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Orders denying I.C.R. 35 motions for correction of illegal sentences, <u>affirmed</u>; order denying motion for appointment of counsel, <u>affirmed</u>.

Faron Raymond Hawkins, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Faron Raymond Hawkins appeals from the district court's orders denying his I.C.R. 35 motions for correction of illegal sentences and the district court's order denying his motion for the appointment of counsel. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2008, a jury found Hawkins guilty of two counts of robbery. I.C. § 18-6501. The district court sentenced Hawkins to concurrent, unified terms of life imprisonment, with minimum periods of confinement of thirty years. Hawkins appealed, arguing the district court erred by not sua sponte ordering a competency evaluation. *State v. Hawkins*, 148 Idaho 774, 777, 229 P.3d 379, 382 (Ct. App. 2009). This Court vacated the judgment of conviction and remanded the case. On remand, the district court found Hawkins was competent both at the time of the competency proceedings

1

and at the time of his January 2008 trial. However, the district court concluded it was required to conduct a new trial based on the Court of Appeals' ruling that it was not possible to make a retroactive competency determination. The State filed a permissive appeal, which was granted. On appeal, the Idaho Supreme Court held that neither the law of the case doctrine nor I.A.R. 38 prohibited the district court from making a retroactive competency determination but declined to rule on whether a retroactive competency determination violated Hawkins' due process rights. *State v. Hawkins*, 155 Idaho 69, 75, 305 P.3d 513, 519 (2013).

On remand, Hawkins elected to proceed pro se. The district court informed Hawkins of his right to counsel and conducted an extensive inquiry before permitting him to proceed. Hawkins then filed numerous pro se motions. Ultimately, the district court found Hawkins was competent to proceed to trial in 2008 and reimposed his judgment of conviction and sentences. Hawkins appealed, arguing that the retroactive competency determination violated his due process rights. *State v. Hawkins*, 159 Idaho 507, 512, 363 P.3d 348, 353 (2015). Hawkins also argued that the district court erred in permitting him to represent himself. The Idaho Supreme Court held that Hawkins' due process rights were not violated and affirmed his judgment of conviction and concurrent life sentences. *Id*. at 512-17, 363 P.3d at 353-58. It also determined that the district court did not err in determining Hawkins was competent to proceed to trial nor in permitting him to represent himself. *Id*. at 515-16, 363 P.3d at 356-57.

In 2016, Hawkins filed two I.C.R. 35 motions for correction of illegal sentences, which the district court denied. This Court affirmed in an unpublished opinion. *State v. Hawkins*, Docket No. 49974 (Ct. App. Jan. 26, 2018).

In 2023, Hawkins filed numerous pro se motions, including a Rule 35 motion for correction of illegal sentences, alleging Rule 35 "is broader than what the courts have been allowing"; he was incompetent at his trial; and other trial, pretrial, and sentencing errors. The district court denied Hawkins' motions, concluding that any relief sought was untimely and unmeritorious. Hawkins filed a notice of appeal and another Rule 35 motion for correction of his sentences, which was identical to the previously filed motion but added additional claims of ineffective assistance of counsel and other alleged trial errors. Hawkins also sought the appointment of counsel. The district court denied Hawkins' Rule 35 motion and his motion for the appointment of counsel after which Hawkins filed another notice of appeal.

## II.

## ANALYSIS

### A. Rule 35

Hawkins asserts that his convictions and sentences are illegal and should be vacated. Pursuant to Rule 35(a), the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35(a) to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35(a) is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a narrow rule, and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35(a) is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

Hawkins' arguments that he was incompetent at his trial, that there were other errors associated with his trial and sentencing, and that he received ineffective assistance of counsel are collateral attacks on his conviction that are beyond the scope of Rule 35(a). Because Hawkins' claims are not the proper subject of a Rule 35(a) motion, he has failed to show the district court abused its discretion by denying either of his Rule 35(a) motions.[1]

### B. Appointment of Counsel

In conjunction with the second Rule 35(a) motion that Hawkins filed in the underlying case, Hawkins also moved for the appointment of counsel, which the district court denied.

---

[1] To the extent Hawkins relies on I.C.R. 35(b), which governs sentences imposed in an illegal manner and requests for leniency, any such motion would be untimely. *See* I.C.R. 35(b) (requiring motions filed pursuant to I.C.R. 35(b) to be filed within 120 days of the entry of judgment).

Hawkins argues that the district court erred in denying his request for appointed counsel without first determining whether Hawkins is competent. On appeal, Hawkins has cited no authority to support the proposition that the district court had the obligation to assess his competency before deciding whether to appoint counsel to represent him on yet another Rule 35 motion that is beyond the scope of the rule. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Although a defendant has an absolute right to retained counsel in a Rule 35 proceeding, appointed counsel at this stage may be denied if the trial court finds that the motion is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding. *State v. Wade*, 125 Idaho 522, 523, 873 P.2d 167, 168 (Ct. App. 1994). Moreover, the district court correctly concluded that Hawkins was not entitled to the appointment of counsel to pursue "frivolous continuations of his prior motions, all of which have been rejected."

## III.

## CONCLUSION

Hawkins has failed to show that the district court erred in denying his Rule 35(a) motions or his motion for the appointment of counsel. Therefore, the district court's orders denying Hawkins' Rule 35(a) motions and the order denying Hawkins' motion for appointment of counsel are affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

4